182 So. 85

## NELSON v. STATE.

### 5 Div. 37.

Court of Appeals of Alabama.

April 12, 1938.

Rehearing Denied May 10, 1938.

D. T. Ware, of Roanoke, for appellant.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment contained two counts. Count one charged appellant with the offense of burglary; specifically, that with intent to steal, he broke into and entered the shop, store, warehouse, or cotton-seed house of Z. O. Messer, in which cotton seeds, oats, things of value, were kept for use, sale, or deposit. The second count charged he feloniously took and carried away five hundred and fifty pounds of cotton seeds of the value of $25.50, the personal property of Z. O. Messer, etc.

The evidence of the State was entirely circumstantial; the most damaging of which was based on tracks of an automobile made along the public highway, and the evidence as to this tended to show that the automobile tracks, traced for several miles, were similar to the tracks made by the 1929 Chevrolet car belonging to appellant. Some of the State's witnesses, without objection or exception, were permitted to testify to the sheer conclusion that no other car, except the one in question, had passed along that particular highway during the whole night of the alleged commission of the offense, after the school bus had passed the evening before. The trial court's ruling not having been invoked as to above, the appellant is not in position to seek relief here upon this question.

The defendant denied all knowledge of, or connection with, the commission of the offense, and testified that at the time of the alleged commission of the offense, he, his wife, and small children spent the entire night with his brother-in-law, who lived about eight miles from the place in question, and returned home with his family the next morning. Numerous other witnesses for defendant testified to the same facts.

Insistences of error upon this appeal are based upon several separate and distinct rulings of the court upon the trial, to which exceptions were duly reserved. However, from our viewpoint, we regard the action of the court in overruling and denying defendant's motion for a new trial, to which action defendant duly and legally excepted, as being conclusive of this appeal. The other questions referred to may not arise again upon another trial.

As stated above, the bald statement of the witnesses to the effect that no other car had passed along or upon that public highway, after the school bus had passed, was manifestly the most damaging evidence against the defendant. It is clearly apparent that the defendant was not advised and could not know, or contemplate, before entering upon his trial, that this character of evidence would be offered against him. After the trial and conviction of defendant, it was made known to him for the first time that numerous other parties had travelled along that particular highway after the school bus had passed, and these parties, who so far as appears are wholly disinterested, made affidavit to that effect which was introduced upon the hearing of the motion for a new trial.

Our opinion and decision is that the motion for new trial by defendant should have been granted, and that the substantial ends of justice require this order at our hands. We are clearly of the opinion that the newly discovered evidence, under the facts of this case, was highly important, and if this evidence had been before the jury, its effect might have caused the

jury to render a different and more favorable verdict for defendant. The newly discovered evidence was not cumulative in the sense the law implies to that term. It was further fully established that the failure to earlier discover this evidence was not due to want of diligence upon the part of the defendant, or his counsel. Under these conditions, this appellant was entitled to the benefit of this material evidence.

As stated, other questions need not be discussed as not being necessary to the conclusion reached.

For the error in overruling defendant's motion for a new trial, the judgment of conviction, from which this appeal was taken, is reversed, and the cause remanded.

Reversed and remanded.